United States Court of Appeals,

Eleventh Circuit.

No. 95-4061.

Lawton M. CHILES, Jr., Governor of the State of Florida; State
of Florida; Dade County Public Health Trust, an agency and
instrumentality of Dade County, a political subdivision of the
State of Florida, the School Board of Dade County, Florida,
Plaintiffs-Appellants,

v.

UNITED STATES of America; Doris Meissner, Commissioner of the
Immigration and Naturalization Service of the Department of
Justice; Janet Reno, Attorney General of the United States;
Jennifer Nelson, Acting Regional Administrator of the Southern
Regional Office of the INS of the Department of Justice; Walter D.
Cadman, District Director of the Miami District Office of the INS
of the Department of Justice; Donna E. Shalala, Secretary of the
United States Department of Health & Human Services, Defendants-
Appellees.

Nov. 8, 1995.

Appeal from the United States District Court for the Southern
District of Florida. (No. 94-676-CIV-EBD), Edward B. Davis, Judge.

Before EDMONDSON and DUBINA, Circuit Judges, and CUDAHY[*], Senior
Circuit Judge.

EDMONDSON, Circuit Judge:

In this expedited appeal, Florida alleges it is injured by the

United States' failure to enforce the immigration laws. The State

asserts claims under both the Administrative Procedure Act and the

United States Constitution. Florida asks for equitable restitution

of its unreimbursed expenses or for declaratory relief and an

injunction requiring the United States to fulfill its statutory and

constitutional duties. The district court dismissed all counts,

concluding the claims presented nonjusticiable political questions.

---

[*]Honorable Richard D. Cudahy, Senior U.S. Circuit Judge for
the Seventh Circuit, sitting by designation.

For the reasons as set forth in the district court's order[1] and for the reasons set out below, we AFFIRM.

## Count II

In Count II,[2] Florida sues the Attorney General under the APA for her failure to perform the duties imposed by the immigration laws. *See* 8 U.S.C. 1103(a); 1251(a). The district court dismissed this claim as a political question. We conclude that, to the extent Florida asks this court to construe the statutory responsibilities of the Attorney General, the claim is justiciable. *See Japan Whaling Ass'n v. American Cetacean Soc.,* 478 U.S. 221, 230, 106 S.Ct. 2860, 2866, 92 L.Ed.2d 166 (1986).

### A. Standing

The Attorney General asserts Florida lacks standing to raise this claim.[3] On the redressibility component of standing, we recognize that the level of illegal immigration is dependent on many factors outside the control of the Attorney General. *See Simon v. Eastern Kentucky Welfare Rights Org.,* 426 U.S. 26, 41-43, 96 S.Ct. 1917, 1926, 48 L.Ed.2d 450 (1976). But, because an order against the named defendants would offer some relief to Florida, we suppose that the State does have standing to raise this claim.

### B. The Statutes

Assuming justiciability and standing, we—for much the same

---

[1] See *Chiles v. United States,* 874 F.Supp. 1334 (S.D.Fla.1994).

[2] Count I is moot.

[3] The district court did not address this argument.

reasons as are expressed in the district court's order[4]—conclude that the district court properly dismissed this count. The overall statutory scheme established for immigration demonstrates that Congress intended whether the Attorney General is adequately guarding the borders of the United States to be "committed to agency discretion by law" and, thus, unreviewable. *See* 5 U.S.C. § 701(a); *cf. Heckler v. Chaney,* 470 U.S. 821, 838, 105 S.Ct. 1649, 1659, 84 L.Ed.2d 714 (1985).[5] And, Section 1251(a) expressly gives the Attorney General discretion whether to deport a particular alien.

## *Count III*

Count III alleges that the Federal Medicaid and AFDC reimbursement programs unconstitutionally discriminate against the state in violation of the Spending Clause (Art. I, § 8) and "other constitutional provisions guaranteeing equality among the states." While initial spending decisions are exclusively the domain of Congress,[6] if a specific constitutional limit is exceeded judicial review is possible, even if the case involves foreign policy. *Cf. INS v. Chada,* 462 U.S. 919, 103 S.Ct. 2764, 77 L.Ed.2d 317 (1983). But, because no specific constitutional limit on the spending power

---

[4]While the district court dismissed this count as nonjusticiable, it did discuss whether Congress intended judicial review under Section 1103(a). *Chiles,* 874 F.Supp. at 1339-41.

[5]The part of the statute relied on by Florida would not justify even an allegation of complete abdication of statutory duties to go to trial. *Cf. Heckler,* 470 U.S. at 833 n. 4, 105 S.Ct. at 1656 n. 4.

[6]Because of this circumstance, the district court concluded that this claim was nonjusticiable. *Chiles,* 874 F.Supp. at 1342.

has been exceeded by the reimbursement policies of AFDC and Medicaid, we conclude this count was properly dismissed. *See Buckley v. Valeo,* 424 U.S. 1, 88-90, 96 S.Ct. 612, 668, 46 L.Ed.2d 659 (1976); *South Carolina v. Katzenbach,* 383 U.S. 301, 323-25, 86 S.Ct. 803, 816, 15 L.Ed.2d 769 (1966) (states not protected by Fifth Amendment's equal protection guarantee). Florida must seek relief in Congress. *Cf. Garcia v. San Antonio Metro. Transit Auth.,* 469 U.S. 528, 549-53, 105 S.Ct. 1005, 1017-18, 83 L.Ed.2d 1016 (1985).

## *Count IV*

Count IV alleges the United States violates the Guarantee and Invasion Clause (Art. IV, § 4) and the Tenth Amendment by forcing Florida to provide unreimbursed benefits to illegal immigrants. For much the same reasons expressed in the order of the district court, we conclude that whether the level of illegal immigration is an "invasion" of Florida and whether this level violates the guarantee of a republican form of government present nonjusticiable political questions. *See generally Baker v. Carr,* 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). And, we agree that Florida's provision of benefits to illegal aliens is not the product of federal coercion of the kind which violates the Tenth Amendment. *Compare New York v. United States,* 505 U.S. 144, 173-78, 112 S.Ct. 2408, 2427-29, 120 L.Ed.2d 120 (1992) *with Plyler v. Doe,* 457 U.S. 202, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982); *and Dep't of Health & Rehabilitative Services v. Solis,* 580 So.2d 146 (Fla.1991).

## *Conclusion*

We recognize that the difficulty in fashioning a remedy for an

alleged wrong can result in a case being nonjusticiable. *See Powell v. McCormack,* 395 U.S. 486, 515-17, 89 S.Ct. 1944, 1961, 23 L.Ed.2d 491 (1969). Because we conclude that Florida fails to state a claim upon which relief can be granted by a court, we do not reach this issue. The order of the district court is AFFIRMED.